IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LARRY WAYNE HEBERT,
    Plaintiff,

vs.                                             3:07cv157/MCR/MD

JACK BEHR and STEVEN BAYHI
    Defendants.

---

## ORDER and
## REPORT AND RECOMMENDATION

This case is before the court upon referral from the clerk. Plaintiff initiated this case through the filing of a civil complaint and motion to proceed *in forma pauperis* on April 11, 2007. (Doc. 1-2). On April 26, 2007, this court entered an order granting leave to proceed *in forma pauperis* and assessing an initial partial filing fee of $21.00. (Doc. 4). This order was returned to the court as undeliverable on May 7, 2007 with the notation "no longer at this address." (Doc. 5). On May 10, the court entered a recommendation that this case be dismissed due to plaintiff's failure to keep the court apprised of his current address and to prosecute this action. (Doc. 6). On May 16, 2007, the initial partial filing fee was paid at the Clerk's office by a woman who identified herself as plaintiff's wife and who indicated that plaintiff was still incarcerated at the Escambia County Jail. The reason that the court's previous order was returned as undeliverable is unknown. However, in light of this information, the court's previous recommendation, that the plaintiff's case be dismissed for failure to prosecute, should be vacated and this recommendation entered in its place.

In his complaint, plaintiff names as defendants Assistant Public Defender Steven Bayhi and Public Defender Jack Behr. Plaintiff's allegations center around Attorney

Bayhi's representation of him in a criminal case. Plaintiff contends that Bayhi was completely unfamiliar with the applicable law and as a result plaintiff's conviction was a result of "railroading," that counsel failed to prepare plaintiff for trial or depose state's witnesses, never presented evidence and repeatedly encouraged plaintiff to accept a plea agreement so as to avoid trial. Plaintiff does not identify any rights that he claims were violated in the section of the complaint entitled "Statement of Claims" and he does not identify any relief that he seeks. Requiring plaintiff to amend would be futile as his complaint is subject to dismissal on two grounds.

Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). The United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981); *Tapp v. Champagne*, 164 Fed. Appx. 106 (2nd Cir. 2006). Plaintiff's apparent claim of inadequate representation falls squarely under *Dodson*, and is therefore barred. A public defender may be found to act under color of state law, however, when engaged in a conspiracy with state officials to deprive his client of his constitutional rights. *Tower v. Glover*, 467 U.S. 914, 920, 104 S.Ct. 2820, 2824, 81 L.Ed. 2d 758 (1984). "When a plaintiff in a section 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994) (citing *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983)); see also *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984); *Champagne*, 164 Fed. Appx. 106 at *2 (conclusory allegations insufficient to establish that public defenders were acting "under color of state law) (citing *Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2nd Cir. 2002); *Dwares v. City of New York*, 985 F.2d

94, 99 (2${}^{nd}$ Cir. 1993)). Plaintiff has presented no facts that would tend to establish that a conspiracy existed, or that counsel was acting under color of state law, and therefore he has not shown that counsel is not immune from relief under § 1983.

Even if defendant Bayhi were properly subject to suit, plaintiff's claim regarding Bayhi's representation of him, essentially that Bayhi was constitutionally ineffective, is not actionable under section 1983 since it is in the nature of habeas corpus. The Supreme Court stated in *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Even claims for restoration of gain time credit are properly treated as requests for habeas corpus relief. *Id*. at 489-90; *McKinnis v. Mosley*, 693 F.2d 1054, 1056-57 (11${}^{th}$ Cir. 1982); *Johnson v. Hardy*, 601 F.2d 172, 173 (5th Cir. 1979). Regardless of the label plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim. *Prather v. Norman*, 901 F.2d 915, 918-19 n.4 (11${}^{th}$ Cir. 1990) (per curiam); *McKinnis*, 693 F.2d at 1057. Plaintiff's claim, liberally construed to allege that Bayhi's inferior representation of him resulted in an unconstitutional conviction, clearly arises under habeas corpus. However, such a case in this court is premature. Title 28 U.S.C. § 2254(b) requires that before a federal court may consider a petition for writ of habeas corpus, a state prisoner must first present to the state courts for consideration each issue upon which the petitioner seeks review in federal court. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). The remedy of an extraordinary petition, specifically, a writ of mandamus or of habeas corpus, is available in the Florida Courts for plaintiff to pursue relief for his gain time issues. *See* FLA. CONST., art. V, § 5; FLA. R. CIV. P. 1.630, FLA. R. APP. P. 9.100. Further, plaintiff may file an appeal at the state level from an adverse decision of the lower court in this matter. *See* FLA. CONST., art. V, § 4; FLA. R. APP. P. 9.110.

*Case No: 3:07CV157/LAC/MD*

Based upon the Supreme Court decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the claim should be dismissed. The Court in *Heck* stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 486-487, 114 S.Ct. at 2372. Such actions would include those in which the plaintiff seeks damages directly attributable to his conviction or confinement, plaintiff must negate an element of the offense of which he has been convicted in order to prevail, or plaintiff contends that the statute under which he was convicted is unconstitutional. *Id.; Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003); cf. *Porter v. White*, 2007 WL 1074714 (11th Cir. 2007) (plaintiff brought § 1983 action after criminal conviction was overturned due to *Brady* violation). Absent such an invalidation, the section 1983 suit must be dismissed. *Heck*, 512 U.S. at 486-487, 114 S.Ct. at 2372; see also *Harden v. Pataki*, 320 F.3d 1289, 1295 (11th Cir. 2003); *Hughes*, 350 F.3d at 1160.

Accordingly, it is ORDERED:

The report and recommendation entered on May 10, 2007 (doc. 6) is VACATED.

And it is respectfully RECOMMENDED:

That this cause of action be dismissed pursuant to 28 U.S.C.A. § 1915(e)(2)(B)(iii).

At Pensacola, Florida, this 18th day of May, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).